**Akidat Singh CHARATH, Petitioner,**

v.

**Michael B. MUKASEY \*, Attorney General, Respondent.**

No. 04–75051.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2008 \*\*.

Filed March 18, 2008.

---

ed by 9th Cir. R. 36–3.

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter Singh, Fresno, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John C. Cunningham, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Petitioner Akidat Singh Charath (Charath) petitions for review of the Board of Immigration Appeals's (BIA) decision affirming the Immigration Judge's (IJ) denial of Charath's applications for asylum and withholding of removal, and pretermission of Charath's application for relief under the Convention Against Torture (CAT) based on the IJ's adverse credibility determination.

1. This Court reviews an adverse credibility determination under the substantial evidence standard. *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007). "[C]redibility findings will be upheld un-

less the evidence *compels* a contrary result." *Id.* (citation omitted) (emphasis in *Don* ). The IJ's adverse credibility determination, based in part on Charath's inability to recall significant events in the Punjab, including the assassination of the then-Chief Minister, at the time he was purportedly persecuted in that region, is supported by substantial evidence. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151–53 (9th Cir.1999) (upholding adverse credibility finding in part based on petitioner's failure to provide specificity and details outside of information contained in newspaper article upon which petitioner relied). Because at least one basis for the IJ's adverse credibility determination was supported by substantial evidence, the IJ's decision must be upheld. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) ("So long as one of the identified grounds is supported by substantial evidence ... we are bound to accept the IJ's adverse credibility finding.") (citation and alteration omitted).

2. Charath's inability to produce material and non-duplicative corroborating evidence that was indisputably available supports the adverse credibility finding. *See Sidhu v. I.N.S.,* 220 F.3d 1085, 1092 (9th Cir.2000).

3. Charath contends that the IJ erred in failing to grant him relief under the CAT. However, Charath did not initially file an application for CAT relief. The IJ denied Charath's last-minute request to continue the hearing so that he could file an application for relief under the CAT, noting that it was little more than a delay tactic. Charath did not appeal this finding by the IJ in the administrative proceedings. Therefore, we lack jurisdiction to review this issue. *See Singh v. Ashcroft,* 367 F.3d 1139, 1144 n. 1 (9th Cir.2004).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION DENIED IN PART, DISMISSED IN PART.**